UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PIERRE FORBES, | : | |
| | : | |
| Petitioner, | : | Civil No. 09-1886 (SDW) |
| v. | : | |
| MICHELLE R. RICCI, et al., | : | O R D E R |
| Respondents. | : | |

Since the petitioner has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, this Court is required, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Application.

1. Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 Application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive Application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of

the time for seeking such review. See 28 U.S.C. § 2244(d).

2. It is not apparent to the Court whether the petitioner intends the Application Petitioner filed to be the petitioner's one all-inclusive § 2254 application. Therefore, the petitioner may now tell the Court how the petitioner wants to proceed by choosing one of the following options and notifying the Clerk of the petitioner's choice pursuant to the terms of this notice and order.

   a. Have the petitioner's pending § 2254 Application ruled upon as is; or

   b. Withdraw the petitioner's pending § 2254 Application and file one all-inclusive § 2254 application stating all his claims as to the decision he is challenging.

3. If the petitioner chooses option (a) above, then the petitioner will lose the petitioner's ability to file a second or successive application under § 2254, absent certification by the appellate court and extraordinary circumstances.

4. If the petitioner chooses option (b) and the petitioner's original Application was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled

from the date the petitioner handed the petitioner's original application to prison officials for mailing to the Clerk of the Court until 45 days after entry of this notice and order. Under these circumstances, if Petitioner's original § 2254 application was filed within the one-year limitations period, the petitioner will have the 45-day response period plus any time remaining within the petitioner's one-year statute of limitations period (as of the date you filed your original application) to draft and file the petitioner's one all-inclusive § 2254 application.

IT IS therefore on this __17th__ day of __July__, 2009,

ORDERED that the petitioner has 30 days from the entry of this order to file with the Clerk a letter or other written response signed by the petitioner advising the Court how Petitioner would like to proceed; and it is finally

ORDERED that, if the petitioner does not file a signed response choosing one of the above options within 30 days of the entry of this notice and order, then the Court will rule on the petitioner's application as it is.

_____
Susan D. Wigenton, U.S.D.J.